IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

RICHARD A. ADAMS,
    Plaintiff,
     v.

IBM CORP.,
    Defendant.

CIVIL ACTION FILE
NO. 1:05-CV-3308-TWT

ORDER

This is an ERISA action involving a defined contribution retirement benefit plan. It is before the Court on the Plaintiff's Motion for Reconsideration, to Vacate, Alter or Amend Judgment, and For Leave to File a First Amended Complaint [Doc. 26]. The Plaintiff's motion is DENIED.

I. BACKGROUND

The Plaintiff, Richard A. Adams, was an employee of the Defendant IBM Corporation ("IBM") and a participant in IBM's Personal Pension Plan ("the Plan"). On December 2, 2005, the Plaintiff filed this action *pro se* in the Magistrate Court of DeKalb County, Georgia against IBM seeking interest in the amount of $15,000 on his lump sum retirement benefit of $151,000. Mr. Adams was demanding interest payments from the date of his retirement, May 2003 through September 2005, when

he ultimately accepted the lump sum retirement benefit. On December 29, 2005, IBM removed the case to this Court based on preemption under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 502(a)(1)(B). This Court granted the Defendant's Motion for Summary Judgment [Doc. 13].

The Plaintiff has now retained counsel, and raises two issues in this motion for reconsideration. First, and most importantly, he argues that this Court lacked subject matter jurisdiction over the action as IBM was not the proper party defendant. According to the Plaintiff, Kenneth Morrissey, the Plan Administrator with sole control over the Plan, was the proper defendant. Second, the Plaintiff argues that IBM misled the Court with regard to the appropriate reading of the Plan. The Plaintiff asks this Court to vacate its judgment, and to authorize the Plaintiff to amend his Complaint.

## II. MOTIONS FOR RECONSIDERATION

Rule 59(e) of the Federal Rules of Civil Procedure authorizes district courts upon motion to alter or amend judgments. "The decision to alter or amend judgment is committed to the sound discretion of the district judge and will not be overturned on appeal absent an abuse of discretion." American Home Assurance Co. v. Glenn Estess & Assocs., 763 F.2d 1237, 1238-39 (11th Cir. 1985) (citing Commodity Futures Trading Comm'n v. American Commodity Group Corp., 753 F.2d 862, 866

(11th Cir. 1984)).  The Federal Rules of Civil Procedure do not specifically authorize motions for reconsideration.  But they are common enough in practice.  Local Rule 7.2 provides that motions for reconsideration are not to be filed "as a matter of routine practice," but only when "absolutely necessary."  LR 7.2E, N.D. Ga.  A party may move for reconsideration only when one of the following has occurred: "an intervening change in controlling law, the availability of new evidence, [or] the need to correct clear error or prevent manifest injustice."  Godby v. Electrolux Corp., 1994 WL 470220, at *1 (N.D. Ga. May 25, 1994).  Because reconsideration may occur only in these limited circumstances, a party "may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind."  Brogdon v. National Healthcare Corp., 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000); Godby, 1994 WL 470220, at *1 ("A motion for reconsideration should not be used to reiterate arguments that have previously been made . . . '[It is an improper use of] the motion to reconsider to ask the Court to rethink what the Court [has] already thought through - rightly or wrongly.'") (quoting Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983)) (alterations in original); In re Hollowell, 242 B.R. 541, 542-43 (Bankr. N.D. Ga. 1999) ("Motions for reconsideration should not be used to relitigate issues already

decided or as a substitute for appeal . . . Such motions also should not be used to raise arguments which were or could have been raised before judgment was issued.").

## III. DISCUSSION

The Plaintiff argues that this Court lacked subject matter jurisdiction to enter its October 16, 2006 Order and Judgment granting summary judgment in favor of IBM. The Plaintiff argues that IBM was not the proper party defendant, and, therefore, there was no "Case or Controversy" between the parties. In the Eleventh Circuit, "[t]he proper party defendant in an action concerning ERISA benefits is the party that controls administration of the plan." Garren v. John Hancock Mutual Life Ins. Co., 114 F.3d 186, 187 (11th Cir. 1997); see also 29 U.S.C. § 1132(d)(1)-(2) ("Any money judgment under this subchapter against an employee benefit plan shall be enforceable only against the plan as an entity . . ."). The Plaintiff contends that the proper party Defendant is Kenneth Morrissey, the Plan Administrator, and not the Defendant IBM, the employer and plan sponsor. IBM does not contest this proposition, nor does it suggest that IBM controlled the administration of the plan. It merely argues that there is no "subject matter jurisdiction" issue because subject matter jurisdiction refers to the types of claims advanced by the Plaintiff, and not the identity of the parties.

Lack of subject matter jurisdiction may be raised at any time by a party or the Court on its own. The Court is not persuaded, however, that the Plaintiff's error in suing the wrong party deprived the Court of subject matter jurisdiction. Just because the Plaintiff has sued an improper defendant hardly means that there is no longer a "case or controversy" within the meaning of Article III of the U.S. Constitution. The Plaintiff does not cite case law for the proposition that the presence of an improper defendant strips this Court of jurisdiction. Indeed, such an expansive reading of the "case or controversy" language of Article III would compromise several provisions of the Federal Rules of Civil Procedure. For example, normally, Rule 15 of the Federal Rules of Civil Procedure would authorize the Court to give the Plaintiff leave to amend its complaint to add the proper defendant. Under the Plaintiff's expansive "case or controversy" interpretation of subject matter jurisdiction, however, the Court would be forced to immediately dismiss the case. Once the Court finds that it lacks subject matter jurisdiction, it has no authority to exercise power. The Plaintiff's view would also nullify Rule 19 of the Federal Rules of Civil Procedure. The Plaintiff's failure to sue a necessary party would also seem to warrant immediate dismissal.

The Court had subject matter jurisdiction of the Plaintiff's ERISA claim even though the Plaintiff sued the wrong party. Therefore, the motion to vacate should be denied. The motion for reconsideration raises completely new arguments that were

never made before the Court ruled on the mutual motions for summary judgment. In essence, the Plaintiff seeks a second bite at the apple. This is not an appropriate case for granting a motion for reconsideration. The motion should be denied.

Rule 15(a) of the Federal Rules of Civil Procedure provides that leave to amend "shall be freely given when justice so requires." However, leave to amend may be denied where there has been undue delay or where the amendment would be futile. Espey v. Wainwright, 734 F.2d 748, 750 (11th Cir. 1984); Burger King Corporation v. C. R. Weaver, 169 F.3d 1310, 1319 (11th Cir. 1999). In this case, there has been undue delay in seeking amendment of the Complaint after the merits of the claim have been addressed and judgment entered in favor of the Defendant. The motion to amend should be denied.

## IV. CONCLUSION

The Plaintiff's Motion for Reconsideration, to Vacate, Alter or Amend Judgment, and for Leave to File a First Amended Complaint [Doc. 26] is DENIED.

SO ORDERED, this 29 day of December, 2006.


/s/Thomas W. Thrash
THOMAS W. THRASH, JR.
United States District Judge